Jose M. **FARFAN**, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE,** Respondent.

No. 01–71374.
INS No. A70–076–228.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2002.*

Decided Aug. 13, 2002.

Before KOZINSKI and FERNANDEZ, Circuit Judges, and MAHAN,** District Judge.

**MEMORANDUM**\*\*\*

Jose M. Farfan Lopez, a citizen of Guatemala, petitions for review of the Board of Immigration Appeals' denial of his application for asylum and withholding of deportation. We deny the petition.

The BIA's determination that an alien is not eligible for asylum must be upheld if " 'supported by reasonable, substantial, and probative evidence on the record con-

---

\*\* The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

sidered as a whole.' " *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 815, 117 L.Ed.2d 38 (1992) (citation omitted). "It can be reversed only if the evidence presented ... was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." *Id.* When an alien seeks to overturn the BIA's adverse determination, "he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Id.* at 483–84, 112 S.Ct. at 817; *see also Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995).

Where an asylum claim is involved, an alien must show either past persecution or a well-founded fear of future persecution that is "both subjectively genuine and objectively reasonable." *Fisher v. INS,* 79 F.3d 955, 960 (9th Cir.1996) (en banc). Where the BIA determines that the alien was subjected to persecution in the past, a presumption that he has a well-founded fear of future prosecution arises. *See* 8 C.F.R. § 208.13(b)(1); *Borja v. INS,* 175 F.3d 732, 737–38 (9th Cir.1999) (en banc). The presumption can be rebutted by the INS upon a showing by a preponderance of the evidence that the alien could avoid future persecution by relocating within his own country. *See* 8 C.F.R. § 208.13(b)(1)(i)(B); *Cordon–Garcia v. INS,* 204 F.3d 985, 991 (9th Cir.2000); *Borja,* 175 F.3d at 738; *Cuadras v. INS,* 910 F.2d 567, 571 n. 2 (9th Cir.1990); *Quintanilla–Ticas v. INS,* 783 F.2d 955, 957 (9th Cir.1986).

The BIA did determine that Farfan had suffered past persecution. However, it also determined that, based upon the coun-

try report[1] and the other evidence of record, (such as Farfan's demonstrated ability to escape persecution by moving to live with his relatives in Guatemala City) the INS had rebutted the presumption that Farfan had a well-founded fear of future persecution. We are not able to say that the record compels a contrary conclusion. Moreover, we cannot say that the past treatment of Farfan by the guerillas—a one-time beating that did not cause any severe injuries or require hospitalization—was so atrocious that he should have been granted asylum despite his lack of a well-founded fear. *See Kumar v. INS,* 204 F.3d 931, 935 (9th Cir.2000); *In re Chen,* 20 I. & N. Dec. 16, 19–21, 1989 WL 331860 (BIA 1989).

Petition DENIED.[2]

---

1. *See* Bureau of Democracy, Human Rights and Labor, United States Department of State, Guatemala—Profile of Asylum Claims & Country Conditions, 8–9 (June 1997). Reliance on the country report was appropriate, even desirable. *See Marcu v. INS,* 147 F.3d 1078, 1081 (9th Cir.1998).

2. Because Farfan did not meet the requirements for eligibility for asylum, he was not entitled to withholding of deportation either. *See Ghaly,* 58 F.3d at 1429.